Jones C. J.
delivered the opinion of the court.
This is a motion to set aside a non-suit at the trial, for want of proof of interest in the assured. The action was upon a policy *327 of insurance on freight by the assignee of the charterer of the vessel. The charterer is the party, who is to pay freight, and his obligation to pay does not become absolute until the safe arrival of the vessel. He runs no risk of loss during the voyage, and consequently has no interest to protect by insurance. The owner of the vessel has the insurable interest in the freight and not the charterer, who is to pay it.
But a part of the freight is said to have been advanced. The advance of the freight gives no right to insure beyond the amount of the advance; and where the owner of the vessel is liable to refund in case of loss, his right to insure that amount—resulting from the lien the charterer has, upon the freight for his security—requires, that proof should be made of the actual payment of the money alleged to be advanced. In most cases the charterer will have a lien upon the freight for the advances he makes the shipowners, as his security against their inability to refund. That lien gives him an interest under the charter-party as, or in the nature of, a mortgage, which he may insure; and the better opinion seems to be, that he may insure it in general terms under the name of freight without describing it as a mortgage interest. But to enable him to recover, he must prove the fact of the advance. His covenant or agreement to make it is not sufficient. Possibly the presumption of actual payment from the express stipulation to pay at the home port, previous to the ship’s departure, and the fact of the departure of the ship from thence on her voyage might be sufficient as preliminary proof; especially if the insurers make no objection for the want of proof of actual payment, but put themselves upon other grounds of defence. But the actual proof of the advance cannot be dispensed with as proof in chief on the trial. Now the case states that this non-suit was directed for want of evidence as preliminary proof, (and on the trial for want of proof in chief) of the interest of the assured in the freight. The plaintiff then went into proof in chief to show his right to recover. No claim was made to a return of premium for want of interest; but the plaintiff’s demand was for a loss of *328 freight upon an interest in advances, under the charter. No proof of any advance appears. The defect is incurable and the non-suit was right.

Motion denied.

[J. Bulkley, Att’y for the plff. Hoffman & Talman, Att's for the defts.]
Note.—Hofbman J. having been of counsel for the defendants declined giving any opinion.